UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21-cr-00618 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 58] |
| v. | : | |
| | : | |
| ANDRE HARGROVE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Andre Hargrove pled guilty to one count of attempted possession with intent to distribute methamphetamine, and one count of attempted possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1).[1]

On December 14, 2022, the Court sentenced Defendant Hargrove to 80 months of imprisonment on both counts, to run concurrently, followed by three years of supervised release.[2] At Hargrove's sentencing, the Court found that Hargrove had a total offense level of 25 and Criminal History Category IV, giving him a guideline-recommended sentencing range of 84-105 months.[3] Hargrove received six criminal history points from prior convictions, plus two additional status points for being under a criminal justice sentence when the instant offense occurred.[4]

---

[1] Doc. 30, PageID #: 76.
[2] Doc. 39, PageID #: 166.
[3] Doc. 41, PageID : 176.
[4] Doc. 36, ¶¶ 37-38.

Case No. 1:21-cr-00618
GWIN, J.

Defendant Hargrove now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[5] The government does not oppose Hargrove's motion.[6]

For the following reasons, the Court **GRANTS** Defendant Hargrove's sentence reduction motion and sentences the Defendant to **70 months.**

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C. § 3553(a)."[9]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[10] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[11]

---

[5] Doc. 58.
[6] *Id.*, PageID #: 281.
[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[10] *Id.*
[11] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 1:21-cr-00618
GWIN, J.

Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) changes the assignment of "status points" for criminal history calculations. Status points give additional criminal history points to defendants who commit their crime while still under sanction for an earlier criminal offense. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[12] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[13]

At sentencing, Defendant Hargrove had six criminal history subtotal points, with two "status points" added.[14] Amendment 821(A) reduces Defendant Hargrove's criminal history score from eight to six, and his Criminal History Category from IV to III. Hargrove's amended sentencing guideline range is 70 to 87 months.[15] Thus, Defendant Hargrove was earlier sentenced to a term of imprisonment based on a sentencing rage that the Sentencing Commission subsequently lowered.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Hargrove's sentence to 70 months. The Court notes that it initially sentenced Defendant Hargrove below the guideline range, and neither party has indicated to the Court that it should rebalance the § 3553(a) differently than at Hargrove's initial sentence.

---

[12] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[13] *Id.*
[14] Doc. 36, ¶¶ 37-38.
[15] U.S. Sent'g Guidelines Manual § 5A (U.S. Sent'g Comm'n 2023).

- 3 -

Case No. 1:21-cr-00618
GWIN, J.

Hargrove was a lower-level player in a drug distribution conspiracy. He was charged for receiving mail parcels containing 883.9 grams of "ice" and 397.37 grams of fentanyl.[16] Hargrove has several criminal convictions, accrued in a short period of time while on bond or under probation for another offense.[17]

Hargrove had a very difficult childhood, with an absent father and a mother who struggled financially.[18] Hargrove has one child himself and is present in his child's life.[19] He struggles with drug dependency.[20]

As a result, the Court finds it should reduce Defendant Hargrove's sentence to 70 months, at the lower end of the amended guideline range of 70 to 87 months.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Hargrove's motion and **REDUCES** Defendant Hargrove's sentence to **70 MONTHS.** Except as otherwise provided in this order, all other terms of Hargrove's original sentence remain in effect.

IT IS SO ORDERED.

Dated: March 13, 2024             *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[16] Doc. 41, PageID #: 177.
[17] *Id.*
[18] Doc. 54, PageID #: 239-40.
[19] Doc. 41, PageID #: 177.
[20] *Id.*

- 4 -